**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KRIS ROGLIERI,<br><br>　　　　　　Debtor. | Chapter 7<br><br>Case No. 24-10157 (REL) |
| 1800 PARK AVENUE LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PRIME COMMERCIAL LENDING, LLC, PRIME CAPITAL VENTURES, LLC, KRIS DANIEL ROGLIERI, KIMBERLY A. HUMPHREY a/k/a KIMMY HUMPHREY, ERIK MARTIN, and SCOTT DIBERARDINIS,<br><br>　　　　　　Defendants. | Adv. Pro. No. 24-90008 (REL) |

**MOTION OF HOGAN LOVELLS US LLP TO WITHDRAW AS COUNSEL**

Hogan Lovells US LLP ("Hogan Lovells") hereby files this motion (the "Motion"), pursuant to Rule 2091-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules"), to withdraw as counsel for Defendants Kris Daniel Roglieri, Kimberly A. Humphrey a/k/a/ Kimmy Humphrey, Erik Martin and Scott DiBerardinis (the "Individual Defendants") in the above-captioned adversary proceeding (the "Adversary Proceeding").

In support of the Motion, Hogan Lovells respectfully states as follows:

1

**Background**

**I.      Procedural Background**

1. On April 3, 2024, Plaintiff 1800 Park Avenue LLC ("1800 Park") filed a complaint in the Adversary Proceeding (the "Complaint") against Prime Commercial Lending, LLC ("PCL"), Prime Capital Ventures, LLC ("PCV"), and the Individual Defendants. (Dkt. No. 1.)

2. On April 24, 2024, the Court so-ordered a stipulation between 1800 Park and PCV (entered into through the Receiver, Paul Levine) extending PCV's time to respond to the Complaint to May 24, 2024. (Dkt. No. 6.)  PCV has not yet responded to the Complaint.

3. On May 30, 2024, Hogan Lovells filed a notice of appearance in the Adversary Proceeding. (Dkt. No. 8.)  Because Mr. Roglieri did not agree that the Receiver had a right to direct the legal affairs of PCV, Hogan Lovells appeared on behalf of all defendants. (*Id.*)

4. Mr. Roglieri, however, now agrees that the trustee in his individual bankruptcy, Christian Dribusch (the "Trustee"), has the right to direct the legal affairs of PCV and PCL (as sole member LLCs owned by Mr. Roglieri).  Therefore, Hogan Lovells brings the Motion as counsel for the Individual Defendants only.

5. On May 31, 2024, counsel for 1800 Park agreed to extend the time for the Individual Defendants to respond to the Complaint to June 21, 2024.  However, when the Individual Defendants' counsel sought to memorialize the agreement through a stipulation, counsel for 1800 Park stated that it would not be taking any action in the Adversary Proceeding until issues relating to a lifting of the automatic stay had been decided.  Therefore, there are no pending deadlines in the Adversary Proceeding for the Individual Defendants or any imminent action to take.

**II.     Hogan Lovells' Representation**

6. When Hogan Lovells agreed to represent all the defendants in the Adversary Proceeding, Mr. Dribusch was not yet the Trustee and there was a dispute (which is still ongoing) as

2

to whether the Receiver had the authority to act on behalf of PCV. Hogan Lovells, therefore, had a good-faith basis to believe that it could be compensated for its work on behalf of all defendants in the Adversary Proceeding by PCV or PCL (if the receivership were vacated by the Second Circuit).

7. Since that time, however, the Trustee has made it clear that Hogan Lovells no longer represents PCV and PCL. Moreover, given that the Second Circuit has dismissed PCV's appeal (and the Receiver has frozen the funds of PCV and PCL), it is clear that neither PCV nor PCL can be a source of payment for Hogan Lovells.

8. The Individual Defendants do not have the resources to pay Hogan Lovells for its work in the Adversary Proceeding. To date, Hogan Lovells has not been paid for any of the legal services performed in connection with the Adversary Proceeding.

## Basis for Relief Requested

9. The Local Rules state as follows:

(3) <u>Without Consent</u>. An attorney who has appeared in a case or adversary proceeding may withdraw only upon notice and motion and an order of the Court granting leave to withdraw. Notice shall be given to the client, the United States trustee, the trustee, any § 1104 trustee, any appointed committee, and any party having filed a notice of appearance. If the Court grants leave to withdraw, withdrawing counsel shall serve a copy of the order upon the affected party and a file a certificate of service.

Local Rule 2091-1(3).

10. Sufficient cause exists for this Court to grant Hogan Lovells leave to withdraw as counsel to the Individual Defendants. As discussed above, the Individual Defendants no longer have recourse to PCV or PCL as a source of payment for their legal fees and Hogan Lovells has not been compensated for its legal services in the Adversary Proceeding.

11. The New York Rules of Professional Conduct allows a lawyer to withdraw from representing a client when the client does not compensate the lawyer for his or her services. *See*

3

NYRPC 1.16(c)(5).  Here, the Individual Defendants have not compensated Hogan Lovells for its services and are not in a position to do so in the future.

12.  Under the circumstances, the Court should grant the Motion.

### Notice

13.  Notice of the Motion will be provided to: (i) the Individual Defendants, (ii) the Office of the United States Trustee for the Northern District of New York; (iii) the Trustee; and (iv) any party in interest that has requested to receive notice in the Adversary Proceeding.

WHEREFORE, Hogan Lovells requests that the Court enter an order attached hereto as **Exhibit A** granting leave for Hogan Lovells to withdraw as counsel to the Individual Defendants.

Dated: July 1, 2024
New York, New York

**HOGAN LOVELLS US LLP**

*/s/     Pieter Van Tol*

Pieter Van Tol  (Bar Roll # 508405)
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: pieter.vantol@hoganlovells.com

*Counsel to Individual Defendants*