UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

COMPASS-CHARLOTTE 1031, LLC,

                                       **Plaintiff,**                    **1:24-CV-55**
                                                              **(MAD/CFH)**

 -against-

PRIME CAPITAL VENTURES, LLC
BERONE CAPITAL FUND, LP
BERONE CAPITAL PARTNERS LLC
BERONE CAPITAL LLC
BERONE CAPITAL EQUITY FUND I, LP
405 MOTORSPORTS LLC f/k/a Berone Capital Equity
Partners LLC,

                                       **Defendants.**

_____

PAUL A. LEVINE, as RECEIVER of PRIME CAPITAL
VENTURES, LLC,

                            **Third-Party Plaintiff,**

 -against-

KRIS D. ROGLIERI, TINA M. ROGLIERI, KIMBERLY
A. HUMPHREY a/k/a "KIMMY" HUMPHREY, PRIME
COMMERCIAL LENDING, LLC, COMMERCIAL
CAPITAL TRAINING GROUP, THE FINANCE
MARKETING GROUP, NATIONAL ALLIANCE OF
COMMERCIAL LOAN BROKERS LLC, FUPME, LLC,

                           **Third-Party Defendants,**

_____

## ORDER TO SHOW CAUSE FOR ATTACHMENT AND EXPEDITED DISCOVERY

Upon the Verified Third-Party Complaint, filed by Paul A. Levine, as Receiver of Prime

Capital Ventures LLC, sworn to on January 27, 2024, and the Exhibits annexed thereto, the

Declaration of Robert A. Lippman, Esq., sworn to on January 29, 2024, and upon the Receiver's

Memorandum of Law in Support of Injunctive Relief, and upon the Receiver/Third-Party Plaintiff

having complied with Local Rule 7.1(e), and good cause having been shown for the relief granted

herein, it is:

**ORDERED** that Third-Party Defendants Kris D. Roglieri, Tina M. Roglieri, Kimberly A.

Humphrey a/k/a Kimmy Humphrey, Prime Commercial Lending, LLC, Commercial Capital

Training Group,  LLC, The Finance Marketing Group, National Alliance of Commercial Loan

Brokers, and FUPME, LLC (hereinafter collectively "Third-Party Defendants") show cause

before the Honorable Mae A. D'Agostino of the United States District Court for the Northern

District of New York at the James T. Foley Federal Courthouse, 445 Broadway, Albany, New

York, on Thursday, February 15, 2024, at 2:30 p.m., or as soon thereafter as counsel can be heard,

why an Order should not be granted:

A.  Pursuant to Rule 64 of the Federal Rules of Civil Procedure, enjoining Third-Party

Defendants from making payments, distributions, or otherwise withdrawing or

encumbering funds to themselves, to each other, or to their respective affiliates and/or

family members, from any bank accounts where Third-Party Plaintiff, Prime Capital

Ventures, LLC ("Prime"), or any Third-Party Defendant herein deposited, held or received

in connection with loan financing to Prime's borrowers, including but not limited to the

following entities and individuals: Compass-Charlotte 1031, LLC, HCW Biologics Inc.,

Newlight Technologies, Inc., 526 Murfreesboro, LLC, Motos America Inc., Piper Capital

Funding, ER Tennessee LLC, B&R Acquisition Partners, Onward Holdings/Onward

Partners LLC, Camshaft CRE 1, LLC and 1800 Park Avenue LLC (collectively

hereinafter the "Borrowers"), specifically including, but not limited to Borrower Interest

Credit Account ("ICA") funds deposited to the following bank accounts, which are hereby

attached, hereinafter, collectively defined as the "ICA Accounts", to wit:

2

      a. CitiBank, account ending in 6945;

      b. KeyBank, account ending in 2233;

      c. KeyBank, account ending in 2878;

      d. Farmers State Bank, account ending in 5665;

      e. Interactive Brokers, account ending in 0095;

      f. Interactive Brokers, account ending in 0712;

      g. Interactive Brokers, account ending in 0067;

      h. RBC, account ending in 0017;

B. Pursuant to Rule 64 of the Federal Rules of Civil Procedure, enjoining Third-Party Defendants from transferring, selling, disposing, driving or encumbering the following automobile assets, which are hereby attached:

| Year | Make/Model | Tag | Color |
| --- | --- | --- | --- |
| 2017 | Novitec Ferrari 488 N-Largo | NLargo2 | Rosso Corsa |
| 2022 | Ferrari 812 Competizione | 812ZIONE | Blu Corsa |
| ? | Ford GT '69 Gulf Livery Heritage Edition | DPL987 | Gulf Blue |
| 2021 | Mercedez-Benz AMG GT Black Series | GTBLACK | Designo Graphite Grey Magno |
| 2020 | Lamborghini Aventador SVJ | SVJSHARK | Nero Aldebaran |
| 2014 | Mercedes-Benz SLS AMG Black Series | BKSERIES | Obsidian Black Metallic |
| 2019 | Novitec McLaren 720S N-Largo | NLARGO3 | Supernova Silver |
| 2014 | Novitec Ferrari F12 N-Largo | NLARGO | Nero Daytona |
| 2004 | Gemballa Mirage GT | ? | Blue Metallic |
| 2002 | Ferrari Enzo | S11GAR | Rosso Corsa |

| 2006 | Maserati MC12 Corsa | ? | MC Victory Blue |
| 2014 | Ferrari LaFerrari | ? | Rosso Corsa |

C. Pursuant to Rule 64 of the Federal Rules of Civil Procedure, enjoining Third-Party

Defendants from transferring, selling, disposing or encumbering any real estate, personal

property or other tangible assets in their possession or to which they hold title or any legal

interest, which tangible assets were purchased with monies from the above-identified ICA

Accounts, including but not limited to the following:

　　a. That certain real property known as 600 Linkhorn Drive, Virginia Beach, VA;

　　b. That certain property known as 40 North Road, Queensbury, NY;

　　c. A Richard Mille Skull 52-01 Tourbillon Skull wristwatch, purchased by Prime

　　Capital Ventures from Platinum Times, for $2,275,000 (currently in the possession

　　of the Receiver, Paul A. Levine, Esq.)

　　d. The additional items of personal property, vehicles (or vehicle related

　　expenditures) identified in Paragraph "77" of the Third-Party Complaint, having

　　been purchased from or through AI Design, Cars USA Shipping, Capital Ford,

　　Scott Oliver Law, RENNtech Inc., Bonhams Butterfields Trust, Rockland Auto,

　　RM Auctions Inc. (aka "RM Sotheby's"), CFR Classic LLC, Hunter Motorsports,

　　Keeler Motor Car Co., Wrist Afficionado, 1st Dibs, Cedric Dupont, Prive Porter,

　　Platinum Times LLC, Timepiece Trading, Giganti and Giganti, Luxury Bazaar and

　　Richemont North.

D.  Requiring Third-Party Defendants to return all funds withdrawn from the aforesaid

ICA Accounts which were withdrawn for any purpose other than that provided for in the

Line of Credit lending documents or agreements executed between a Borrower and Prime

Capital Ventures, LLC, Prime Commercial Lending, LLC, Commercial Capital Training

Group, The Finance Marketing Group, National Alliance of Commercial Loan Brokers

LLLC, or FUPME, LLC;

E. Authorizing the Receiver, pursuant to F.R.C.P. 26, 30, 31, 33, 34, 36 and 45, to take

expedited discovery of Third-Party Defendants and necessary third-parties identified

herein and in the Third-Party Complaint, without the requirement of a meeting pursuant to

F.R.C.P. 26(f), and without regard to the limitation of F.R.C.P. 30(a)(2) and 30(d).[1]

**IT IS FURTHER ORDERED** that, sufficient reason and good cause having been shown

therefor, pending the hearing of the Receiver's Emergency Motion, and pursuant to Rule 64 of the

Federal Rules of Civil Procedure, and until further order of the Court, that Third-Party Defendants

are hereby temporarily restrained from withdrawing or encumbering funds to themselves, to each

other, or to their respective affiliates and/or family members, from any bank accounts where

Third-Party Plaintiff Prime Capital Ventures, LLC, or any Third-Party Defendant herein

deposited, held or received in connection with loan financing to Prime's Borrowers, specifically

including the ICA Accounts, to wit:

        a. CitiBank, account ending in 6945;

        b. KeyBank, account ending in 2233;

        c. KeyBank, account ending in 2878;

        d. Farmers State Bank, account ending in 5665;

        e. Interactive Brokers, account ending in 0095;

---

[1] The Court denies the Receiver's request for temporary expedited discovery prior to the hearing because discovery is currently stayed pending the Second Circuit's decision on Defendant Prime Capital Ventures, LLC's interlocutory appeal. *See* Dkt. No. 68. The parties should be prepared to discuss whether discovery should resume at the Show Cause hearing.

f. Interactive Brokers, account ending in 0712;

g. Interactive Brokers, account ending in 0067;

h. RBC, account ending in 0017;

**AND IT IS FURTHER ORDERED** that Third-Party Defendants are hereby temporarily restrained from transferring, selling, disposing or encumbering the vehicles listed below, shall immediately cease driving said vehicles or exposing them to any damage or depreciation, and shall immediately turn over to the Receiver the insurance policies, in connection with the following:

| Year | Make/Model | Tag | Color |
|---|---|---|---|
| 2017 | Novitec Ferrari 488 N-Largo | NLargo2 | Rosso Corsa |
| 2022 | Ferrari 812 Competizione | 812ZIONE | Blu Corsa |
| ? | Ford GT '69 Gulf Livery Heritage Edition | DPL987 | Gulf Blue |
| 2021 | Mercedez-Benz AMG GT Black Series | GTBLACK | Designo Graphite Grey Magno |
| 2020 | Lamborghini Aventador SVJ | SVJSHARK | Nero Aldebaran |
| 2014 | Mercedes-Benz SLS AMG Black Series | BKSERIES | Obsidian Black Metallic |
| 2019 | Novitec McLaren 720S N-Largo | NLARGO3 | Supernova Silver |
| 2014 | Novitec Ferrari F12 N-Largo | NLARGO | Nero Daytona |
| 2004 | Gemballa Mirage GT | ? | Blue Metallic |
| 2002 | Ferrari Enzo | S11GAR | Rosso Corsa |
| 2006 | Maserati MC12 Corsa | ? | MC Victory Blue |
| 2014 | Ferrari LaFerrari | ? | Rosso Corsa |

**AND IT IS FURTHER ORDERD** that Third-Party Defendants are hereby temporarily

enjoined from transferring, selling, disposing of or encumbering any of the real estate, personal property or other tangible assets in their possession or to which they hold title, which were purchased with monies from the ICA Accounts, or modified or repaired with monies from the ICA Accounts, including but not limited to the following:

a. That certain real property known as 600 Linkhorn Drive, Virginia Beach, VA;

b. That certain property known as 40 North Road, Queensbury, NY;

c. A Richard Mille Skull 52-01 Tourbillon Skull wristwatch, purchased by Prime Capital Ventures from Platinum Times, for $2,275,000 (currently in the possession of the Receiver, Paul A. Levine, Esq.)

d. The additional items of personal property identified in Paragraph "77" of the Third-Party Complaint, having been purchased from or through AI Design, Cars USA Shipping, Capital Ford, Scott Oliver Law, RENNtech Inc., Bonhams Butterfields Trust, Rockland Auto, RM Auctions Inc. (aka "RM Sotheby's"), CFR Classic LLC, Hunter Motorsports, Keeler Motor Car Co., Wrist Afficionado, 1st Dibs, Cedric Dupont, Prive Porter, Platinum Times LLC, Timepiece Trading, Giganti and Giganti, Luxury Bazaar and Richemont North.

**AND IT IS FURTHER ORDERED** the Third-Party Defendants shall not destroy, alter or conceal any records (including both physical and digital records);

**AND IT IS FURTHER ORDERED** that service of a copy of the Verified Third-Party Complaint, this Order, and the underlying papers on which it has been granted, shall be deemed sufficient, as follows: by email to Kris Roglieri, at kris@primecommerciallending.com; to Kimberly ("Kimmy") Humphrey by email, at kimmy@primecommerciallending.com and via overnight courier to 600 Linkhorn Drive, Virginia Beach, Virginia; to Prime Capital Ventures,

LLC, Prime Commercial Lending, LLC, Commercial Capital Training Group, The Finance Marketing Group, National Alliance Of Commercial Loan Brokers LLC, and FUPME, LLC, by personal service or overnight courier at 66 Pearl Street – 10th Floor, Albany, New York 12207, to Plaintiff Compass-Charlotte 1031, LLC by email to William Esser, at willesser@parkerpoe; and upon the Berone Defendants by email to Fabian Stone (stone@beronecapital.com) and Jeremiah Beguesse (jeremiah@beronecapital.com) and overnight courier to A Registered Agent, Inc., 8 The Green – Suite A, Dover, Delaware 19901 and Sunshine Corporate Filings LLC, 7901 4th Street, N. – Suite 300, St. Petersburg, Florida, 33702, on or before Friday, February 2, 2024, shall be deemed good and sufficient service thereof;

**AND IT IS FURTHER ORDERED** that the Third-Party Defendants shall deliver any opposing papers in response to the Order to Show Cause no later than Wednesday, February 7, 2024 at 5:00 p.m.  Service shall be made by delivering the papers by email to Receiver's counsel and by filing on PACER.  The Receiver shall have until Monday, February 12, 2024, at 5:00 p.m. to serve any reply papers upon the Third-Party Defendants or their respective counsel, including by any form of service authorized in the foregoing paragraph.

**IT IS SO ORDERED.**

DATED: January 30, 2024

Mae A. D'Agostino
U.S. District Judge